CANDELARIO LÓPEZ-FAGUNDO, Plaintiff and Appellant, *v.*
MUNICIPALITY OF PATILLAS, Defendant and Appellee.

No. 3547. Argued May 29, 1925.—Decided December 23, 1925.

CONTRACT—INTENTION OF PARTIES.—A person who contracts to *negotiate a loan*
up to its termination, except the sale of the bonds, is obliged to perform
all the necessary activities and negotiations before the corresponding branch
of the government leading to the approval of the loan, and he can not
plead that his services were to begin after the approval when the sale of
the bonds was excluded from the contract by the ordinance on which it
was based.

District Court of Guayama, Gabriel Castejón, J. Judgment for the
defendant in an action on contract. *Affirmed.*

*González Fagundo & González, Jr.,* for the appellant. *Manuel A.
Martínez Dávila* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff in an action for damages for breach of a con-
tract for services alleged to have been rendered by him ap-
peals from an adverse judgment and says:

"The District Court of Guayama erred in interpreting the con-
tract between plaintiff and defendant and the obligations imposed
by said contract upon said defendant.

"The District Court of Guayama erred in weighing the evi-
dence."

The findings of fact and conclusions based thereon by
the district judge read thus:

"The facts of the present case, as they appear from the evi-
dence introduced, are as follows: The Municipality of Patillas, by
virtue of an ordinance of February 19, 1923, authorized contract-
ing a loan for the sum of $80,000.00 in order to carry out various
works of public utility, and among the provisions of said ordinance
figures that contained in section 14 thereof, which reads as follows:
'Section 14.—The Municipal Commissioner of Public Service, Police
and Prisons of Patillas, Porto Rico, is hereby authorized to designate,
if he deem it convenient, a person to take charge of the negotiation
of this loan up to its termination, with the exception of the sale of
the bonds, which will be made by public auction to be advertised
in Porto Rico, Washington and New York.' Under the said clause
the transcribed contract between plaintiff and defendant was entered

into and in order to make it effective the plaintiff presented the said ordinance to the Executive Council for its approval, but on May 25, 1923, it was disapproved because of defects that it contained.   On July 26, 1923, the Municipality of Patillas passed another ordinance concerning the same loan, correcting the defects of the first ordinance, and it came before the Executive Council, for a certified copy of it issued by the secretary of said Council is attached to the record, but it does not appear that any action was taken on it.   On September 10, 1923, said municipality passed another ordinance to the same effect and purpose as the previous ones, and it was approved by the Executive Council on November 2, 1923.   The action for the approval by the Executive Council of the first ordinance of February 19, 1923, was entrusted to the plaintiff and he failed in his efforts, as it was disapproved.   The second ordinance of July 26, 1923, went astray in the different offices of the government, so that the representatives of the municipality had to come to San Juan and commission Mr. Gorbea, Chief of the Bureau of Municipal Affairs in the Auditor's Office, to draft a new one, which was agreed to by the municipality on September 23 (?), 1923, and approved by the Executive Council on November 2, 1923. Under the terms of the contract between the parties it was the obligation of the plaintiff to negotiate the loan and defray for his own account all of the expenses incident thereto.   Did the plaintiff perform his obligation with the diligence and interest that the matter demanded?   The first ordinance was passed in February, 1923, and in September, or seven months later, when the representatives of the municipality went to San Juan the ordinance was not found, it being necessary to rewrite it, submit it to the Municipal Assembly, and then to the Executive Council for its approval.   These facts do not show that plaintiff acted with the diligence to which he was bound by the contract, taking into consideration the interest and importance of the matter entrusted to him.   It is very doubtful whether the contract made between the parties by virtue of the ordinance of the 19th of February, 1923, would be binding on the parties after such ordinance was left without effect by the approval of the two subsequent ones of July 26 and September 10, 1923, to which we have referred.   In conclusion, the court believes that plaintiff has not shown that he performed duly the obligations imposed upon him by the said contract, but on the contrary, the evidence has shown that he was negligent in their performance. As to the counter-complaint, there is no evidence in our opinion to sustain it and it should be dismissed.   We are of the opinion, there-

fore, that the complaint, as well as the counter-complaint, should be dismissed, without special imposition of costs.''

Paragraphs 2 to 5, inclusive, of the contract referred to read as follows:

''2nd.—That according to section 14 of the ordinance passed by the Municipal Assembly of Patillas, P. R., authorizing a loan of $80,000.00 to be used in the construction of works of public utility and for other expenses authorized by law, the Commissioner of Public Service, Police and Prisons is authorized, if he deems it convenient, to designate a person to take charge of the negotiation of this loan, with the exception of the sale of the bonds. 3rd.—That according to what is directed in the foregoing paragraph, Mr. Méndez, as Commissioner of Public Service, Police and Prisons of Patillas, P. R., designates Mr. Candelario López Fagundo as such agent to take charge of the negotiation of the loan, he to receive as compensation for his services one-fourth per cent of the total amount of the loan, or the sum of $3,200, as soon as the total amount of the loan shall have been deposited in the municipal funds. 4th.—Mr. Candelario López Fagundo shall be obliged to perform all the necessary activities up to the completion of the documents of the loan, and shall defray all of the expenses that may be necessary. 5th.—Mr. López Fagundo binds himself to perform what is stipulated and agreed to in the preceding sections, in the most solemn manner.''

The contract was interpreted by the conduct of the parties thereto and especially by the activity of plaintiff up to the time of the filing of the second ordinance with the Executive Council. In fact, these activities were the only services actually rendered. After such filing, plaintiff, according to his own testimony, did nothing, but awaited the action of the Executive Council. He now insists that under the contract his services were to begin after approval of the ordinance by the Executive Council. But after such approval there was nothing to be done except the advertising for bidders and sale of the bonds, such sale having been necessarily excluded from the contemplation of the parties by the express terms of the ordinance upon which the contract was based.

There was some conflict in the testimony, but the record discloses no reversible error in the weighing of the evidence.

The judgment appealed from must be affirmed.